FILED
OCT 2 5 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gene Nelson Goodman, )
)
      Plaintiff, )
)
v. ) Civil Action No. **10 1793**
)
)
Chairman, State Board of Pardons )
& Paroles *et al.*, )
)
      Defendants. )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Under that statute, the Court is required to dismiss a case "at any time" it determines that the complaint, among other grounds, fails to state a claim upon which relief can be granted or is frivolous.

Plaintiff is a resident of Waycross, Georgia, who appears also to be a state parolee. He sues various Georgia-based officials, including the Chairman of the State Board of Pardons and Paroles, the Clerk of the Georgia Supreme Court, the Chief Judge of the Superior Court of Ware County, Georgia, the Ware County District Attorney and the Ware County Sheriff under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq*. In addition, plaintiff sues Congressman John Lewis for "refusing to conduct a congressional [investigation] into the misconduct of [the] defendants." Compl. at 2. Plaintiff seeks injunctive relief and $5 million in monetary damages. *Id.* at 18-19.

The essence of the complaint is that the defendants engaged in a vast conspiracy "to keep plaintiff incarcerated beyond the time prescribed" for the severity of his crime. *Id.* at 3. Because plaintiff's success on the merits of the complaint would necessarily invalidate his conviction and sentence, he cannot recover monetary damages without first establishing that his conviction has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation] of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has made no such a showing here.

In addition, "it is well-settled that a [person] seeking relief from his conviction or sentence may not bring [] an action" for injunctive and declaratory relief because he has an available remedy in habeas. *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 808-10 (D.C. Cir. 1988)); *see LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (district court lacked subject matter jurisdiction over a declaratory judgment action where *habeas corpus* remedy was available in the location of plaintiff's custodian). Finally, the complaint not only presents the type of fantastic or delusional scenarios found to justify immediate dismissal of a complaint as frivolous, *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994), but it is frivolous also because it lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). Accordingly, the complaint will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

Date: October 21, 2010

United States District Judge

2